```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

JASON NDREMIZARA,
     Plaintiff,

     v.                                        CIVIL ACTION NO.
                                              12-40109-TSH

THE HANOVER INSURANCE COMPANY,
     Defendant.

**MEMORANDUM AND ORDER RE:**
**MOTION FOR APPOINTMENT OF COUNSEL**
**(DOCKET ENTRY # 6)**

**December 6, 2012**

**BOWLER, U.S.M.J.**

     Pending before this court is the above motion for appointment of counsel filed by plaintiff Jason Ndremizara ("plaintiff"). (Docket Entry # 6). In seeking appointment of counsel, plaintiff submits he has "a strong case" which "seems to be very easy to defend" and he needs "minimal advice." (Docket Entry # 6).

<u>BACKGROUND</u>

     Plaintiff filed this employment discrimination suit in August 2012 alleging that defendant The Hanover Insurance Company ("defendant") rejected his applications for employment as an actuarial trainee a number of times. He asserts that the "main factor" for the rejections is discrimination based on his race and/or age in violation of Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§ 2000e et seq.  (Docket Entry # 1).

## DISCUSSION

"Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel."  Montgomery v. Pinchak, 294 F.3d 492, 498 (3rd Cir. 2002) (recognizing that 28 U.S.C. § 1915(e)(1) gives the court statutory authority to request appointed counsel); accord DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) ("[t]here is no absolute constitutional right to a free lawyer in a civil case").  Rather, 28 U.S.C. § 1915(e)(1) gives a court the discretion to request appointed counsel for "any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); see Weir v. Potter, 214 F.Supp.2d 53, 54 (D.Mass. 2002) (citing section 1915(e)(1) and noting that appointment is discretionary).

In order to obtain appointed counsel, there must be a showing of both indigency and exceptional circumstances. DesRosiers v. Moran, 949 F.2d at 23; accord Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) ("indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel"); Weir v. Potter, 214 F.Supp.2d at 54.  To determine whether exceptional circumstances exist, a court "examine[s] the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself."

DesRosiers v. Moran, 949 F.2d at 23; see Weir v. Potter, 214 F.Supp.2d at 54 (in assessing whether exceptional circumstances exist to warrant appointment, courts consider "merits of the case, the litigant's capability of conducting a factual inquiry, the complexity of the legal and factual issues, and the ability of the litigant to represent [him]self").

In the case at bar, plaintiff fails to show exceptional circumstances. The facts are not complex and the law regarding race and age discrimination is well settled. Although not a model of clarity, the complaint exhibits a sufficient level of ability on the part of plaintiff to proceed pro se. Defendant has not filed an answer or a responsive pleading and this case is therefore in its initial stages. Plaintiff may reapply for appointment in the event the case proceeds to a more complex stage involving nonfrivolous claims.

## CONCLUSION

In accordance with the foregoing discussion, the motion for appointment of counsel (Docket Entry # 6) is **DENIED** without prejudice.

                                    /s/ Marianne B. Bowler
                                    **MARIANNE B. BOWLER**
                                    United States Magistrate Judge