UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JASON NDREMIZARA,
        Plaintiff,


        v.                                    CIVIL ACTION NO.
                                              12-40109-TSH


THE HANOVER INSURANCE COMPANY,
        Defendant.


**MEMORANDUM AND ORDER RE:
MOTION FOR APPOINTMENT OF COUNSEL
(DOCKET ENTRY # 6)**

**December 6, 2012**

**BOWLER, U.S.M.J.**

Pending before this court is the above motion for appointment of counsel filed by plaintiff Jason Ndremizara ("plaintiff").  (Docket Entry # 6).  In seeking appointment of counsel, plaintiff submits he has "a strong case" which "seems to be very easy to defend" and he needs "minimal advice."  (Docket Entry # 6).

BACKGROUND

Plaintiff filed this employment discrimination suit in August 2012 alleging that defendant The Hanover Insurance Company ("defendant") rejected his applications for employment as an actuarial trainee a number of times.  He asserts that the "main factor" for the rejections is discrimination based on his race and/or age in violation of Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§ 2000e et seq.  (Docket Entry # 1).

## DISCUSSION

"Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." Montgomery v. Pinchak, 294 F.3d 492, 498 (3rd Cir. 2002) (recognizing that 28 U.S.C. § 1915(e)(1) gives the court statutory authority to request appointed counsel); accord DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) ("[t]here is no absolute constitutional right to a free lawyer in a civil case").  Rather, 28 U.S.C. § 1915(e)(1) gives a court the discretion to request appointed counsel for "any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); see Weir v. Potter, 214 F.Supp.2d 53, 54 (D.Mass. 2002) (citing section 1915(e)(1) and noting that appointment is discretionary).

In order to obtain appointed counsel, there must be a showing of both indigency and exceptional circumstances. DesRosiers v. Moran, 949 F.2d at 23; accord Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) ("indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel"); Weir v. Potter, 214 F.Supp.2d at 54.  To determine whether exceptional circumstances exist, a court "examine[s] the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself."

2

DesRosiers v. Moran, 949 F.2d at 23; see Weir v. Potter, 214 F.Supp.2d at 54 (in assessing whether exceptional circumstances exist to warrant appointment, courts consider "merits of the case, the litigant's capability of conducting a factual inquiry, the complexity of the legal and factual issues, and the ability of the litigant to represent [him]self").

In the case at bar, plaintiff fails to show exceptional circumstances.  The facts are not complex and the law regarding race and age discrimination is well settled.  Although not a model of clarity, the complaint exhibits a sufficient level of ability on the part of plaintiff to proceed pro se.  Defendant has not filed an answer or a responsive pleading and this case is therefore in its initial stages.  Plaintiff may reapply for appointment in the event the case proceeds to a more complex stage involving nonfrivolous claims.

<u>CONCLUSION</u>

In accordance with the foregoing discussion, the motion for appointment of counsel (Docket Entry # 6) is **DENIED** without prejudice.

                /s/ Marianne B. Bowler
                **MARIANNE B. BOWLER**
                United States Magistrate Judge