UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON NDREMIZARA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:12-CV-40109-TSH |
| ) | |
| v. ) | |
| ) | |
| THE HANOVER INSURANCE COMPANY ) | |
| ) | |
| Defendant ) | |

HILLMAN, D.J.

ORDER ON DEFENDANT'S MOTION TO DISMISS

May 31, 2013

The pro se Plaintiff alleges that the Hanover Insurance Company discriminated against him on the basis of his race and age. Specifically, that he was not hired for an entry level actuarial position with the company. Hanover has moved to dismiss, claiming that the Complaint fails to state a claim upon which relief can be granted. The allegations in Plaintiff's Complaint upon which Hanover's motion is based are as follows:

1. Plaintiff applied for an Actuarial Trainee position at Hanover in December 2011. (Complaint, ¶ 8 )

2. Hanover rejected Plaintiff's application three days after it was submitted. (Complaint, ¶ 8)

3. Plaintiff submitted his resume to Hanover when he applied for the position in December 2011. In that resume, Plaintiff did not identify any prior employer or period

of employment.  Nor did he indicate his race or age. (Sinapi Affidavit, ¶¶5, 6, Exhibit A)

The facts that the Plaintiff did not identify prior employer or employment and that his resume did not indicate his age or race is contained in an Affidavit of David Sinapi (document #15) in support of the Defendant's motion.  While such extraneous submissions run the risk of turning the motion to dismiss into a motion for summary judgment, Plaintiff alleges in his Complaint that he submitted his application to Hanover and that it was rejected within three days.  I will consider that application to be a document attached to or fairly incorporated into the Complaint, which can be considered as part of a Fed. R. Civ. P. 12 (b)(6) motion.  See Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55-56 (1st Cir. 2012) (court can consider "implications from documents attached to or fairly incorporated into the complaint . . . facts susceptible to judicial notice, and concessions in plaintiff's response to the motion to dismiss).

The Court considered a situation similar to this where a paucity of facts alleged in a Complaint were at issue.  In Leonard v. American Medical Response, 2009 U.S. Dist. LEDXIS 56938 (D.Mass2009), an employer moved pursuant to Fed. R. Civ. P. 12 (b)(6) to dismiss a claim of a former employee who alleged disability discrimination.  The Court granted that motion, noting that Plaintiff alleged only that he was promoted and then asked to resign and had not alleged facts sufficient to demonstrate a disability or a connection between a disability and the request to resign.  Id. At *8.  As the Court in Leonard stated, quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st cir. 1988), while a court must resolve doubts in plaintiff's favor on a motion to dismiss, there are not doubts to resolve when a plaintiff fails to provide "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Id.

Plaintiff's allegations are conclusory, uncorroborated statements. Other than those conclusory statements, Plaintiff offers no facts to suggest that any purported adverse employment action occurred as a result of his race or age. The sum total of Plaintiff's factual allegations are that he applied for and was denied a position at Hanover, and that he believes that his denial was a result of discrimination on the basis of his race and age. Plaintiff does not allege that Hanover had knowledge of his race and/or age when it rejected his application for the Actuarial Trainee position. Accordingly, I grant the Defendant's Motion to Dismiss.

  /s/ Timothy S. Hillman
Honorable Timothy S. Hillman
United States District Court Judge